931 So.2d 243 (2006)
Antorio Donyel JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1770.
District Court of Appeal of Florida, Fifth District.
June 16, 2006.
James S. Purdy, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Jones appeals from his judgment and sentence for first degree murder. He contends that evidence regarding a robbery and aggravated assault of a different man, Sammie Pryor, that took place shortly before the murder and robbery of Juan Onate, the victim in this case, should have been excluded because it was improper similar fact evidence or Williams rule evidence.[1] We affirm.
Although the circumstances of the two crimes were different, the Pryor robbery was properly admitted in evidence because it was relevant to prove the murder charge. It occurred immediately before the murder and the events of the evening[2] *244 were inextricably intertwined, part of a continuing episode involving the same people, vehicle and weapon. See Griffin v. State, 639 So.2d 966 (Fla.1994), cert. denied, 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995); Hall v. State, 403 So.2d 1321 (Fla.1981).
AFFIRMED.
PLEUS, C.J. and MONACO, J., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); § 90.404(2)(a), Fla. Stat.
[2] Five young men driving around late at night in a truck, drinking and smoking marijuana, Jones driving and in possession of a .38 special revolver that was kept in the truck by the owner, motivated by intent to rob for money, with racial overtones.